# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fund For Empowerment, *et al.*, | No. CV-22-02041-PHX-JJT |
| Plaintiffs, | **ORDER** |
| v. | |
| City of Phoenix, *et al.*, | |
| Defendants. | |

At issue is Plaintiffs' Motion for Preliminary Injunction, Request for Expedited Hearing, and Memorandum of Points and Authorities (Doc. 2). Upon review, the Court will require an expedited response from Defendants and will set a hearing.

**IT IS HEREBY ORDERED** that Plaintiffs shall serve upon the known Defendants copies of the Complaint, Motion, Summons (Docs. 1, 2, 6) and this Order by no later than **5:00 PM** (Arizona time)**, today, December 2, 2022**. Plaintiffs shall file a certificate of service on the docket by no later than **12 noon** (Arizona time) **Saturday, December 3, 2022**.

**IT IS FURTHER ORDERED** that Defendants shall file a Response to Plaintiffs' Motion for a Temporary Restraining Order (Doc. 2) by no later than **5:00 PM** (Arizona time)**, December 9, 2022**.

**IT IS FURTHER ORDERED** that Plaintiffs shall file any Reply to Defendants' Response no later than **5:00 PM** (Arizona time)**, December 12, 2022**.

**IT IS FURTHER ORDERED** setting a hearing on the Preliminary Injunction Motion Wednesday, **December 14, 2022, from 9:00 AM to 11:30 AM** (Arizona time) in Courtroom 505, 401 W. Washington Street, Phoenix, AZ 85003 before Judge John J. Tuchi. Each side shall have 75 minutes to present whatever evidence or arguments they wish to present. If the Court requires additional time for its own questions to counsel, at the Court's discretion, the hearing will resume at 1:00 PM for such questioning only (Arizona time).

**IT IS FURTHER ORDERED** that the parties shall <u>jointly</u> prepare and file a pre-hearing statement by no later than **10:00 AM** (Arizona time)**, December 13, 2022**, setting forth the following information:

    **A.**    **COUNSEL FOR THE PARTIES**

Include the mailing addresses, office phone numbers and e-mail addresses of counsel who will appear at the hearing for all parties.

    **B.**    **WITNESSES**

No party shall conduct direct examination of witnesses at the Preliminary Injunction hearing, but rather the Court will rely on declarations and affidavits that have been timely served and filed prior to the Preliminary Injunction hearing for direct testimony. However, the opposing party may conduct cross-examination of any witness, unless the parties agree a declarant need not be cross-examined for purposes of this hearing or the proponent of a declaration can show the declarant is unavailable and the party propounding the declaration has made a good faith effort to secure the declarant's presence. Accordingly, in the joint pre-hearing statement, each party shall <u>separately</u> list the names of its witnesses, their respective addresses, whether a fact or expert witness, and a brief statement as to the testimony of each witness.

Additionally, the parties shall adhere to the following provision and include it in this section of the joint pre-hearing statement: "Each party understands that it is responsible for ensuring that the witnesses whose testimony the party will rely on are subpoenaed. Each party further understands that any witness whose testimony is offered to the Court shall be

- 2 -

listed on that party's list of witnesses, and that party cannot rely on any witness having been listed or subpoenaed by another party."

The sequence in which witnesses will be called for cross-examination shall be determined by the party conducting the cross-examination. Moreover, the time taken to cross-examine a witness counts against the party conducting the cross-examination. There shall be no re-direct of a witness except in extraordinary situations.

### C. LIST OF EXHIBITS

The parties shall number exhibits to correspond to the exhibit numbers listed in the joint pre-hearing statement, and the joint pre-hearing statement shall include the following information:

**1.** The following exhibits are admissible in evidence and may be marked in evidence by the Clerk:

    **a.** Plaintiffs' Exhibits:

    **b.** Defendants' Exhibits:

**2.** As to the following exhibits, the parties have reached the following stipulations:

    **a.** Plaintiffs' Exhibits:

    **b.** Defendants' Exhibits:

**3.** As to the following exhibits, the party against whom the exhibit is to be offered objects to the admission of the exhibit and offers the objection stated below:

    **a.** Plaintiffs' Exhibits:

(*E.g.*, City Hospital records of Plaintiff from March 6, 1985 through March 22, 1985. Defendants object for lack of foundation because . . . (the objection must specify why there is a lack of foundation)).

    **b.** Defendants' Exhibits:

(*E.g.*, Payroll records of Plaintiff's employer that constitute evidence of payment of Plaintiff's salary during hospitalization and recovery. Plaintiff objects on grounds of

relevance and materiality because . . . (the objection must specify why the exhibit is not relevant or material)).

The parties shall adhere to the following provision and include it in this section of the joint pre-hearing statement: "Each party hereby acknowledges that, by signing this joint pre-hearing statement, any objections not specifically raised herein are waived."

Dated this 2nd day of December, 2022.

*[signature]*
Honorable John J. Tuchi
United States District Judge