**AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF ARIZONA**
Benjamin L. Rundall, State Bar No. 031661
Jared G. Keenan, State Bar No. 027068
Christine K. Wee, State Bar No. 028535
3707 N. 7th St., Suite 235
Phoenix, AZ 85014
Telephone: (602) 650-1854
jkeenan@acluaz.org
brundall@acluaz.org
cwee@acluaz.org

**SNELL & WILMER L.L.P.**
Edward J. Hermes (ASB #030529)
Delilah R. Cassidy (ASB #037407)
1 East Washington Street
Suite 2700
Phoenix, Arizona 85004-2556
Telephone: (602) 382-6529
Email: ehermes@swlaw.com
         dcassidy@swlaw.com

*Attorneys for Plaintiffs*

**DICKINSON WRIGHT PLLC**
Brian J. Hembd, State Bar No. 029817
Cameron C. Stanley, State Bar No. 036605
1850 North Central Avenue, Suite 1400
Phoenix, Arizona 85004
Phone: (602) 285-5000
bhembd@dickinsonwright.com
cstanley@dickinson-wright.com

**PIERCE COLEMAN PLLC**
Aaron D. Arnson
Trish Stuhan
Stephen B. Coleman
7730 East Greenway Road, Suite 105
Scottsdale, Arizona 85260
Telephone: (602) 772-5506
Aaron@PierceColeman.com
Trish@PierceColeman.com
Steve@PierceColeman.com
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Fund for Empowerment, a nonprofit corporation, in its individual capacity; Faith Kearns, individually; and, Frank Urban, individually,<br><br>Plaintiffs,<br>vs.<br><br>City of Phoenix, a political subdivision of the state of Arizona; Chief Jeri Williams, in her official capacity; Interim Chief Michael Sullivan, in his official capacity; Entities I–X, political subdivisions of the state of Arizona; and, Officers John and Jane Does 1–75, in their individual capacities,<br><br>Defendants. | No. CV-22-02041-PHX-GMS<br><br>**JOINT PRE-HEARING STATEMENT** |

1

Pursuant to the Court's order setting Preliminary Injunction hearing dated December 2, 2022 (Doc. 7), the parties, through undersigned counsel, respectfully submit this Joint Pre-Hearing Statement. Each party hereby acknowledges that, by signing this joint pre-hearing statement, any objections not specifically raised herein are waived. The parties do not waive any objections for purposes of future litigation.

### A. COUNSEL FOR THE PARTIES

**Plaintiffs:**
Benjamin L. Rundall
Jared G. Keenan
Christine K. Wee
American Civil Liberties Union Foundation of Arizona
3707 N. 7th St., Suite 235
Phoenix, AZ 85014
(602) 650-1854
jkeenan@acluaz.org
brundall@acluaz.org
cwee@acluaz.org

Edward J. Hermes
Delilah R. Cassidy
SNELL & WILMER L.L.P.
1 East Washington Street, Suite 2700
Phoenix, Arizona 85004-2556
(602) 382-6529
ehermes@swlaw.com
dcassidy@swlaw.com

**Defendants:**
Aaron D. Arnson
Trish Stuhan
Stephen B. Coleman
PIERCE COLEMAN PLLC
7730 East Greenway Road, Suite 105
Scottsdale, Arizona 85260
(602) 772-5506
Aaron@PierceColeman.com
Trish@PierceColeman.com
Steve@PierceColeman.com

**B.     WITNESSES**

**Plaintiffs:**

    1.    Elizabeth Venable
           Fund for Empowerment
           C/o American Civil Liberties Union of Arizona

Elizabeth Venable is the co-founder and current lead organizer of the Plaintiff, Fund for Empowerment. Ms. Venable will testify the Fund for Empowerment is a non-profit organization whose mission is to build community resources for members of the unsheltered community. Ms. Venable will further testify as consistent with the organization's description in the Complaint. *See* Ms. Venable's declaration (Doc. 2-1, pp. 10-12).

    2.    Faith Kearns
           C/o American Civil Liberties Union of Arizona

Faith Kearns is a chronically, unsheltered individual who resides in Maricopa County, Arizona. Ms. Kearns will testify regarding the raids performed by the Phoenix Police Department which have resulted in the destruction of her personal property. *See* Ms. Kearns' declaration (Doc. 2-1, pp. 2-4).

    3.    Frank Urban
           C/o American Civil Liberties Union of Arizona

Frank Urban is a chronically, unsheltered individual who resides in Maricopa County, Arizona. Mr. Urban will testify regarding the raids performed by the Phoenix Police Department which have resulted in his receiving criminal citations for trespassing and have resulted in the destruction of his personal property. *See* Mr. Urban's declaration (Doc. 2-1, pp. 6-8).

    4.    Eric Daniel Brickley
           C/o American Civil Liberties Union of Arizona

Eric Daniel Brickley is a veteran who formerly served in the United States Army for five years including tours in Iraq and Afghanistan. Mr. Brickley left the service at the rank

of Sergeant. He will testify he volunteers for Feed Phoenix, a local non-profit organization focusing on ending food and hunger insecurity in Phoenix. In this capacity he interacts regularly with individuals in the unsheltered community. He will further testify he has personally seen the Phoenix City Police and other city employees arrest and conduct sweeps against the unsheltered community. *See* Mr. Brickely's declaration (Doc. 2-1, pp.14-16).

      5.      Ronnie Lee Massingille
            C/o American Civil Liberties Union of Arizona

Ronnie Lee Massingille is a current resident of the City of Phoenix experiencing homelessness. Mr. Massingille will testify consistent with his declaration regarding the City's raids.

**Defendants:**

      1.      Rachel Milne
            C/o Pierce Coleman PLLC

Rachel Milne serves as the Director of the Office of Homeless Solutions in the City of Phoenix. Ms. Milne will testify regarding the unsheltered population in the City and those located around the Human Services Campus ("HSC") downtown - the area Plaintiffs refer to as "the Zone". Ms. Milne has knowledge regarding services offered to the unsheltered, shelter bed capacity, efforts to locate housing for the unsheltered, and use of City funds to address homelessness in the City. Ms. Milne will testify regarding the City's current cleaning operations for public property and rights-of-way occupied by homeless encampments and the City's plans to conduct enhanced cleanups of the area surrounding the HSC. She will testify the City does not conduct "raids" or "sweeps" as alleged by Plaintiffs. Indeed, the City has developed a plan for retrieval, storage, and disposal of abandoned property, contrary to Plaintiffs' assertions. Ms. Milne is knowledgeable about the City's HSC Enhanced Clean Up Roles/Responsibilities and HSC Enhanced Clean Up Abandoned Property Procedure. Ms. Milne will testify that the City does not indiscriminately dispose of personal property during cleanups and provides people with time to remove belongings. Ultimately, Ms. Milne will testify regarding the City's

strategies for homelessness solutions and cleanups of public property consistent with her declaration, attached to the City's response to Plaintiffs' motion for preliminary injunction (Doc 18-1).

2. Scott Hall
C/o Pierce Coleman

Scott Hall serves as the Deputy Director of the Office of Homeless Solutions in the City of Phoenix. Mr. Hall will testify regarding the City's use of resources to address homelessness in the City including contracts with third-party providers and projects to offer housing solutions and shelter. Part of Mr. Hall's duties are to oversee and coordinate City departments cleaning streets in the area around the HSC, the area Plaintiffs refer to as "the Zone." Mr. Hall has knowledge of the City's current cleaning operations and the City's plans to conduct enhanced cleanups. Mr. Hall also has knowledge regarding the City's more thorough cleanings that occurred before January 2022 and changes in the City's new procedures for the enhanced cleanings scheduled for December 16, 2022. Mr. Hall will testify the City does not conduct "raids" or "sweeps" as alleged by Plaintiffs. In contrast to Plaintiff's claims, Mr. Hall will testify that the City has developed a plan for retrieval, storage, and disposal of abandoned property. Mr. Hall is knowledgeable about the HSC Enhanced Clean Up Abandoned Property Procedure and the HSC Enhanced Clean Up Roles/Responsibilities procedure. Mr. Hall will testify that the City does not indiscriminately dispose of personal property during cleanups and provides people reasonable time to remove belongings. Mr. Hall will testify regarding cleanup operations in the field including efforts to protect personal belongings and disposal of trash, debris, and unsanitary items. Mr. Hall will also testify that the City provides notice of the cleaning schedule, which includes installation of signage around the HSC and distribution of flyers to the public. Ultimately, Mr. Hall will testify regarding the City's strategies for homelessness solutions and cleanups of public property consistent with his declaration attached to the City's response to Plaintiffs' motion for preliminary injunction (Doc 18-2).

4

3.     Brian Freudenthal
C/o Pierce Coleman PLLC

Brian Freudenthal serves as the Commander over the Downtown Operations Unit in the Central City Precinct of the City of Phoenix Police Department. Commander Freudenthal will testify regarding the City's arrests of individuals pursuant to Phoenix City Code Sections 23-30(A) and 23-48.01, as well as citations and arrests in general of the City's homeless population. Commander Freudenthal is knowledgeable regarding the Department's Crime Analysis and Research Unit ("CARU") and will testify regarding reports of arrests for the area around the HSC (called the "Zone" in Plaintiffs' complaint and identified as Grid BA26 by CARU). Commander Freudenthal will testify that the City does not conduct indiscriminate or mass arrests of persons experiencing homelessness, and will offer testimony regarding the limited arrests and bookings from 2018 to present. Commander Freudenthal will testify that in 2022, the City made zero arrests and booked zero individuals into jail pursuant to City Code Section 28-30 for Grid BA26. Similarly, in 2022, the City cited zero individuals pursuant to City Code Section 23-30 for Grid BA26. Commander Freudenthal also has knowledge of the City's current cleaning operations for the area around the HSC and the City's plans to conduct enhanced cleanups starting December 16, 2022. Commander Freudenthal will testify regarding the Police Department's role in cleanings of homeless encampments and testify that the City does not conduct "raids" or "sweeps" as alleged by Plaintiffs. Ultimately, Commander Freudenthal will testify regarding the City's strategies for homelessness solutions and cleanups of public property consistent with his declaration attached to the City's response to Plaintiffs' motion for preliminary injunction (Doc 18-3).

4.     Gina Montes
C/o Pierce Coleman PLLC

Gina Montes serves as Deputy City Manager for the City of Phoenix. Ms. Montes will testify regarding the unsheltered population in the City and those located around the

HSC (or in "the Zone," as Plaintiffs characterize it). Ms. Montes has knowledge regarding services offered to the unsheltered, shelter bed capacity, efforts to locate housing for the unsheltered, and use of City funds to address homelessness in the City of Phoenix. Ms. Montes will testify regarding the City's current cleaning operations for public property and right-of-way occupied by homeless encampments and the City's plans to conduct enhanced cleanups of the area surrounding the HSC. She will testify the City does not conduct "raids" or "sweeps" as alleged by Plaintiffs. Indeed, the City has developed a plan for retrieval, storage, and disposal of abandoned property contrary to Plaintiffs' assertions. Ms. Montes is knowledgeable about the City's HSC Enhanced Clean Up Roles/Responsibilities and HSC Enhanced Clean Up Abandoned Property Procedure. Ms. Montes will testify that the City does not indiscriminately dispose of personal property during cleanups and provides people with time to remove belongings. Ms. Montes will testify regarding her observations of City operations in the field while conducting cleanups of encampments and efforts to protect personal belongings. Ms. Montes will further testify regarding changes to City practices and procedures during the last year and the City's efforts to investigate Plaintiffs' concerns and lack of response to City inquiries. Ultimately, Ms. Montes will testify regarding the City's strategies for homelessness solutions and cleanups of public property consistent with her declaration attached to the City's response to Plaintiffs' motion for preliminary injunction (Doc 18-5).

Each party understands that it is responsible for ensuring that the witnesses whose testimony the party will rely on are present at the preliminary injunction hearing. The parties have waived formal subpoena requirements. Each party further understands that any witness who does not appear will have their declaration stricken from the hearing and any witness whose testimony is offered to the Court shall be listed on that party's list of witnesses. The parties cannot rely on any witness having been listed by another party.

**C. LIST OF EXHIBITS**

1. The following exhibits are admissible in evidence and may be marked in evidence by the Clerk:

    a. <u>Plaintiffs' Exhibits</u>:

        1. Maricopa County Ass'n of Govt's Point-in-Time Comm'n (Exhibit 5)

        2. Screenshots of City Website re Shelter Beds (Exhibit 6)

        3. HSC Enhanced Cleanup Document (Exhibit 7)

    b. <u>Defendants' Exhibits</u>:

        1. Declaration of Rachel Milne (Document 18-1)

            i. Attachment 1: HSC Enhanced Clean Up Abandoned Property Procedure

        2. Declaration of Scott Hall (Document 18-2)

            i. Attachment 1: Signage – Clean Up Notice

            ii. Attachment 2; HSC Enhanced Clean Up Roles/Responsibilities

            iii. Attachment 3: Flyer – Notification of Enhanced Cleanings

        3. Declaration of Brian Freudenthal (Document 18-3)

            i. Declaration of Custodian of Records – Karen Kontak

            ii. Attachment 1: Arrests made in Grid BA26 for Section 23-30 or Section 23-48.01

            iii. Attachment 2: Arizona Traffic Ticket and Complaint ("ATTC" citations issued in Grid BA26 that contain at least one Charge under Section 23-30 or Section 23-48.01

        4. Transcript from State Court Lawsuit (*Freddy Brown v. City of*

*Phoenix*, CV 2022-010439) (Document 18-4)

       5.    Declaration of Gina Montes (Document 18-5)

       6.    City of Phoenix Strategies to Address Homelessness

7. As to the following exhibits, the parties have reached the following stipulations:

   a.   <u>Plaintiffs' Exhibits:</u>

Plaintiffs' Exhibits 5-7 are stipulated.

   b.   <u>Defendants' Exhibits:</u>

Defendants' Exhibits 1-6 are stipulated.

8. As to the following exhibits, the party against whom the exhibit is to be offered objects to the admission of the exhibit and offers the objection stated below:

   a.   <u>Plaintiffs' Exhibits:</u>

**1. Declaration of Ronnie Lee Massingille:**

As to the specific paragraphs in the declaration, the City files the following objections:

¶ 5. Objects on the grounds of Federal Rules of Evidence 201 and 602. The witness appears to lack personal knowledge and the Court may take judicial notice regarding basic geographic facts. None of the locations described are located in the Zone as described by Plaintiffs. For example, Sereno Park is located at 56th Street and Thunderbird approximately 17 miles from the Zone.

¶ 10. Objects on the grounds of Federal Rules of Evidence 201 and 602. The witness appears to lack personal knowledge and the Court may take judicial notice regarding basic geographic facts. The conduct the declarant claims occurred took place in Sereno Park, 17 miles from the Zone. Further objects to a lack of foundation as to why the Declarant has personal knowledge regarding the destruction of items left behind by other individuals and particularly when he purportedly left.

¶ 11. Objects on the grounds of Federal Rules of Evidence 602 and 611. The testimony is vague with regard to where and when the purported conduct occurred.

¶ 12. Objects on the grounds of Federal Rules of Evidence 602 and 611. The testimony is vague with regard to the conduct that occurred. Further, the attached photograph does not show the conduct as described by Declarant. Further, invokes Federal Rule of Evidence 1002 Best Evidence Rule because the copy of the photograph embedded in the declaration is of low resolution and does not have metadata which would presumably accompany the original of the photograph to document date and time of picture.

¶ 16. Objects on the grounds of Federal Rules of Evidence 602 and 611. The testimony is vague with regard to where and when the purported conduct occurred.

## **2. Declaration of Faith Kearns:**

The City files the following objections:

¶ 5. Objects on the grounds of Federal Rules of Evidence 201 and 602. The witness appears to lack personal knowledge and the Court may take judicial notice regarding basic geographic facts. None of the locations described are located in the Zone as described by Plaintiffs. The North Mountain Preserve is located approximately 11 miles from the Zone.

¶ 9. Objects on the grounds of Federal Rules of Evidence 611 and 802. The testimony is vague with regard to where and when it occurred. Further the officers' statements are inadmissible hearsay.

¶ 10. Objects on the grounds of Federal Rules of Evidence 611 and 802. The testimony is vague with regard to where and when it occurred. Further the officers' statements are inadmissible hearsay.

¶¶ 14 - 20. Objects on the grounds of Federal Rules of Evidence 602 and 611. The testimony is vague with regard to where and when the purported conduct occurred. Further objects under Federal Rule of Evidence 402 and 403. All of the alleged conduct occurred in 2020 or before and is not relevant to the current proceeding or is more prejudicial than probative. The City's current procedures are before the Court for examination and the Court need not review testimony from over two years ago.

### 3. Declaration of Frank Urban:

The City files the following objections:

¶ 7. Objects on the grounds of Federal Rules of Evidence 201 and 602. The witness appears to lack personal knowledge and the Court may take judicial notice regarding basic geographic facts. None of the locations described are located in the Zone as described by Plaintiffs. The North Mountain Preserve is located approximately 11 miles from the Zone.

¶ 11. Objects on the grounds of Federal Rules of Evidence 611 and 802. The testimony is vague with regard to where, when, and on how many occasions the conduct occurred. The testimony does not identify what "information" police allegedly provided, or why that information was "expired and inaccurate." Further, the officers' statements are inadmissible hearsay.

¶ 14. Objects on the grounds of Federal Rules of Evidence 602 and 611. The testimony is vague with regard to where and when the purported conduct occurred. Further objects under Federal Rules of Evidence 402 and 403. All of the alleged conduct occurred in 2020 or before and is not relevant to the current proceeding or is more prejudicial than probative. The City's current procedures are before the Court for examination and the Court need not review testimony from over two years ago.

¶¶ 15-21. Objects on the grounds of Federal Rules of Evidence 602 and 611. The testimony is vague with regard to where and when the purported conduct occurred. Further objects under Federal Rules of Evidence 402 and 403. All of the alleged conduct occurred in 2020 or before and is not relevant to the current proceeding or is more prejudicial than probative.

### 4. Declaration of Elizabeth Venable:

The City files the following objections:

¶¶ 13-15. Objects on the grounds of Federal Rules of Evidence 602 and 611. The testimony is vague with regard to where and when the purported conduct occurred. Further objects under Federal Rules of Evidence 402 and 403.

¶¶ 16-17. Objects on the grounds of Federal Rules of Evidence 602 and 611. The

testimony is vague with regard to where and when the purported conduct occurred, and the witness appears to lack personal knowledge. Further objects under Federal Rules of Evidence 402 and 403. Further objects under Federal Rule of Evidence 802 as these individuals' statements are inadmissible hearsay.

¶¶ 19, 21. Objects on the grounds of Federal Rule of Evidence 602. The witness appears to lack personal knowledge. Further objects under Federal Rules of Evidence 402 and 403. Further objects under Federal Rule of Evidence 802 as these individuals' statements are inadmissible hearsay.

### 5. **Declaration of Eric Daniel Brickley:**

The City files the following objections:

¶ 4. Objects on the grounds of Federal Rules of Evidence 602 and 611. The testimony is vague with regard to where and when the purported "sweeps" occurred. Further objects under Federal Rules of Evidence 402 and 403.

¶¶ 6-10. Objects on the grounds of Federal Rules of Evidence 602 and 611. The testimony is vague with regard to where and when the purported conduct occurred. Further objects under Federal Rules of Evidence 402 and 403.

¶ 12. Objects on the grounds of Federal Rule of Evidence 602. The witness appears to lack personal knowledge. Further objects under Federal Rules of Evidence 402 and 403. Further objects under Federal Rule of Evidence 802 as these individuals' statements are inadmissible hearsay.

¶¶ 13, 17-18. Objects on the grounds of Federal Rules of Evidence 602 and 611. The testimony is vague with regard to where and when the purported conduct occurred. Further objects under Federal Rule of Evidence 402 and 403.

6. Defendants' Exhibits:

N/A

Respectfully submitted this 13th day of December.

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF ARIZONA

By: */Benjamin L. Rundall (with permission)*
Benjamin L. Rundall
Jared G. Keenan
Christine K. Wee
3703 N. 7th St., Suite 235
PHOENIX, AZ 85014

SNELL & WILMER L.L.P.

By: */Edward J. Hermes (with permission)*
Edward J. Hermes
Delilah Cassidy
One East Washington St, Suite 2700
Phoenix, Arizona 85004-2556

DICKINSON WRIGHT, LLP

By: */Brian J. Hembd (with permission)*
Brian J. Hembd
Cameron C. Stanley
1850 North Central Avenue, Suite 1400
Phoenix, Arizona 85004

*Attorneys for Plaintiffs*


PIERCE COLEMAN PLLC

By: */Aaron D. Arnson*
Aaron D. Arnson
Trish Stuhan
Stephen B. Coleman
7730 East Greenway Road, Suite 105
Scottsdale, Arizona 85260

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 13, 2022, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

                    */s/ Mary Walker*
                      Mary Walker