**AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF ARIZONA**
Benjamin L. Rundall, State Bar No. 031661
Jared G. Keenan, State Bar No. 027068
Christine K. Wee, State Bar No. 028535
3707 N. 7th St., Suite 235
Phoenix, Arizona 85014
Telephone: (602) 650-1854
Email: brundall@aclu.org
        jkeenan@aclu.org
        cwee@aclu.org

**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
Leah Watson, admitted *pro hac vice*
Scout Katovich, admitted *pro hac vice*
125 Broad Street, 18th Floor
New York, NY 10004
Phone: (212) 549-2500
Email: lwatson@aclu.org
        skatovich@aclu.org

**SNELL & WILMER** L.L.P.
Edward J. Hermes, State Bar No. 030529
Delilah R. Cassidy, State Bar No. 037407
One East Washington Street, Suite 2700
Phoenix, Arizona 85004-2556
Telephone: (602) 382-6000
E-Mail: ehermes@swlaw.com
        dcassidy@swlaw.com

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

|  |  |
|---|---|
| Fund for Empowerment, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>City of Phoenix, *et al.*,<br><br>Defendants. | No. CV-22-02041-PHX-GMS<br><br>**JOINT CASE MANAGEMENT REPORT** |

Pursuant to Federal Rule of Civil Procedure 26(f) and the Court's Order Requiring Rule 26(f) Report (Doc. 51), Plaintiffs Fund for Empowerment, a nonprofit corporation in its individual capacity; Faith Kearns, individually; Frank Urban, individually; and Ronnie Massingille, individually ("Plaintiffs"), and Defendants City of Phoenix, a political subdivision of the state of Arizona; Phoenix Police Chief Jeri Williams, in her official capacity; Interim Phoenix Police Chief Michael Sullivan, et al. ("Defendants") (collectively, the "Parties"), hereby submit this Joint Case Management Report.

**1.     Parties who attended the Rule 26(f) Meeting and assisted in developing the Plan.**

The parties conferred on March 21, 2023. Aaron Arnson, for Defendants, and Ben Rundall, Ed Hermes, and Delilah Cassidy, for Plaintiffs, conferred and assisted in developing the Case Management Report.

**2.     A list of the parties in the case, including any parent corporations or entities (for recusal purposes).**

Plaintiffs: Fund for Empowerment; Faith Kearns; Frank Urban; Ronnie Massingille.

Defendants: City of Phoenix; Phoenix Police Chief Jeri Williams; Interim Phoenix Police Chief Michael Sullivan; Entities I-X (political sub-divisions of the state of Arizona); John and Jane Does.

**3.     A short statement of the nature of the case (3 pages or less), including a description of each claim and defense.**

**a.     Plaintiffs' statement**

Plaintiffs assert five claims against Defendants: (1) Violation of the Fourth Amendment right against unlawful seizures; (2) Violation of the Fourteenth Amendment right against deprivation of property without due process; (3) Violation of the Eighth Amendment right against cruel and unusual punishment; (4) Municipal liability under *Monell v. Dep't of Soc. Srvs. Of N.Y.*, 436 U.S. 658, 694 (1978); and (5) Violation of the Due Process Clause of the Fourteenth Amendment resulting from a State created danger.

For at least the past two years, the City of Phoenix ("the City") has addressed its massive rise in the number of people experiencing homelessness by engaging in unconstitutional raids targeting the unsheltered community called "clean sweeps." During these raids, which occur without notice, unsheltered persons are routinely awakened during pre-dawn hours, given mere minutes to collect their personal belongings, and asked to form a line while Phoenix police perform baseless warrant checks. Any belongings unsheltered persons are unable to collect in time are destroyed, including vital documents and survival gear, such as state issued identification, bank cards, tents, blankets and bedding,

medications, clothing, and birth certificates. These raids occur with such frequency that those affected were unable to keep count of how many they had been subjected to. Individuals that experienced raids were not given notice of the raids, notice that their belongings would be destroyed, nor provided an opportunity to be heard before the deprivation was made permanent. Defendants enacted and executed these raids in furtherance of a government policy or custom that represented the official policy of the City for addressing the issue of homelessness. These facts form the basis of claims 1, 2, and 4.

During this same time frame, Defendants regularly issued citations to unsheltered residents under Phoenix City Code § 23-30(A) (the "Camping Ban") and Phoenix City Code § 23-48.01 (the "Sleeping Ban") (collectively, the "Bans"), which make it unlawful to camp and sleep, respectively, on public property. By enforcing these laws when insufficient housing exists for those who are unsheltered, the City has punished unsheltered individuals for sleeping in public when they had nowhere else to go. Put simply, these laws make unsheltered people's very existence criminal by outlawing the basic human need to sleep. Defendants failed to provide training to City employees leading to the criminalization of Plaintiffs' unsheltered status. These facts form the basis of claims 3 and 4.

To compound matters, Plaintiffs last allege the City has knowingly created a danger by raiding encampments and displacing unhoused people during extreme heat or weather, including pushing unsheltered persons into a large homeless encampment, the Zone. The Zone is located downtown around 12th Avenue and Madison Street with over a thousand unsheltered residents. Although its borders are undefined, the Zone compromises several blocks of hot concrete, asphalt, and rocks entirely unprotected from Arizona's punishing sun. These inhumane conditions are believed to result in the deaths of hundreds of unsheltered individuals annually from heat related exposure. Despite knowing of these obvious, dangerous conditions, when Defendants encounter unsheltered residents in other parts of Phoenix outside of the Zone, they routinely force them into the Zone (or effectively push them into the Zone by increasing raids in other parts of the city). For instance, one of Plaintiffs' witnesses observed Phoenix police officers transport people into the Zone and

leave them without any support or resources. Due to over-crowding caused by the City pushing people into this area, unsheltered residents in the Zone are also at a heightened risk of developing infectious diseases. Defendants act with deliberate indifference when they transport and push people into the Zone despite knowledge of the obvious increased risks of heat-related illness/death and illness due to overcrowding. These facts form the basis of claim 5.

### b.    Defendants' statement

Although under the Fourth and Fourteenth Amendments, the City cannot simply seize and dispose of unsheltered individuals' property without adequate due process, the City can exercise its police powers to engage in ordinary cleaning activities to abate hazards and threats to public health and safety. *See Berman v. Parker*, 348 U.S. 26, 32 (1954). In the context of homeless encampment cleanups, the City must provide both notice and procedural safeguards to protect against unreasonable property deprivation. *Lavan v. City of Los Angeles*, 693 F.3d 1022 (9th Cir. 2012). The district courts have affirmed the necessity of municipal public health and sanitation operations. *See Shipp v. Schaaf*, 379 F. Supp.3d 1033 (N.D. CA. 2019) (finding no constitutional violations when City of Oakland required unsheltered population to temporarily relocate to allow city to clean public property, especially when notice was provided and closure was temporary); *see also Murray v. City of Philadelphia*, 481 F.Supp.3d 461 (E.D. Pa. 2020) (finding in the course of encampment dissolution, when city provided notice and instituted safeguards to protect against property loss—including storing personal property for 30 days prior to disposal— the unsheltered plaintiffs did not demonstrate a likelihood of success on the merits).

The City disputes that it conducts what Plaintiffs call "raids" or "sweeps"; that it disposes of property without adequate notice or safeguarding of property; and that when property is disposed of, that there is not a health, safety, or nuisance-abatement justification for the disposal. The City also disputes the alleged factual bases for the state-created danger claim. The City provides proper notice and methods for safeguarding property for a reasonable time prior to disposal. During the December 2022 to March 2023 enhanced

cleanings, the City used the procedures without issue. The City has trained staff in recognizing items that may be personal property and safeguards all unclaimed property for more than 30 days prior to disposal. The City intends to engage further with Plaintiffs regarding additional reasonable measures to ensure the security of personal property and effects going forward.

**4.      The jurisdictional basis for the case describing the basis for the jurisdiction and citing specific jurisdictional statutes.**

Plaintiffs bring this action for declaratory and injunctive relief pursuant to 42 U.S.C. § 1983 for violations of civil rights under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, which gives district courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States. The Court also has jurisdiction under 28 U.S.C. § 1343(a), which gives district courts jurisdiction over actions to secure civil rights extended by the United States Government. Declaratory relief is authorized by 28 U.S.C. §§ 2201-02.

**5.      Any parties which have not been served and an explanation of why they have not been served; and any parties which have been served but have not answered or otherwise appeared.**

All parties have been served and all parties have answered.

**6.      A statement of whether any party expects to add additional parties to the case or otherwise to amend or supplement pleadings.**

Plaintiffs expect that additional parties to the case and amendments may be necessary as additional facts are uncovered about the City's practices as they relate to the unsheltered population. Plaintiffs have not identified additional parties or necessary amendments to pleadings at this time.

**7.      A listing of contemplated motions and a statement of the issues to be decided by those motions.**

Motion to Amend the Complaint- As explained in item 6, Plaintiffs anticipate that

an Amendment to the Complaint may be necessary to incorporate factual allegations and/or additional parties that are ascertained during the discovery process; thus, Plaintiffs contemplate a motion for leave to amend the complaint.

Neither party anticipates the filing of a case dispositive motion prior to the initiation of discovery, but reserve the right to do so.

**8.     Whether the case is suitable for reference to a United States Magistrate Judge for a settlement conference or trial.**

Because the parties have agreed to mediation, which will be held March 29, 2023, the parties do not believe the matter is suitable for reference to a United States Magistrate Judge for settlement conference. The parties do not agree to a magistrate judge for the purposes of trial.

**9.     The status of related cases pending.**

None.

**10.     A statement of when the parties exchanged Initial Disclosures.**

The parties will exchange initial disclosure statements by April 4, 2023.

**11.     Requests under Rule 34.**

Neither party has served requests under Rule 34 at this time.

**12.     A discussion of any issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.**

The parties agree to produce electronically stored information, through disclosure or discovery, in a manner that does not degrade the searchability of documents or alter such document's metadata, with each page consecutively Bates numbered.

**13.     A discussion of any issues relating to claims of privilege or work product.**

The parties do not believe there will be any issues relating to claims of privilege or work-product.

**14.     A discussion of whether an order under Federal Rule of Evidence 502(d) is warranted in this case.**

At this time, the parties do not believe such an order is warranted.

**15.     A discussion of necessary discovery.   This discussion should take into account the December 1, 2015 amendments to Rule 26(b)(1), and should include:**

**a.     The extent, nature and location of discovery anticipated by the parties.**

The parties intend to exchange written discovery; take depositions of the parties and their representatives, and other third parties with knowledge; and then take depositions of expert witnesses, if any.

**b.     Suggested changes, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 16.2.**

The parties do not have any suggested changes to the limitations on discovery imposed by the Federal Rules of Civil Procedure or Local Rule of Civil Procedure 16.2. The parties agree that depositions may occur remotely where both parties agree to or request a remote deposition.

**c.     The number of hours permitted for each deposition, unless extended by agreement of the parties.**

Six hours.

**16.     Proposed specific dates for each of the following (deadline should fall on Friday unless impracticable):**

**a.     A deadline for the completion of fact discovery:** January 31, 2024.

**b.     Dates for full and complete expert disclosures:**

Plaintiffs' and Defendants' Expert Witness Disclosure: October 13, 2023.

Plaintiffs' and Defendants' Rebuttal Expert Witness Disclosures: November 14, 2023.

**c.     A deadline for completion of all expert depositions:** January 31, 2024.

**d.     A deadline for filing dispositive motions:** March 1, 2024.

**e.      A date by which the parties shall have engaged in good faith settlement talks:** Nov. 3, 2023.

**f.      Date by which initial written discovery requests and initial deposition notices pursuant to Rules 33 and 34 shall be served:** June 30, 2023.

**g.      A date by which initial discovery requests pursuant to Rule 30 or 31 shall be noticed:** August. 4, 2023.

**h.      A date by which any Rule 35 examination will be noticed if such an examination is required by any issues in the case:** June 2, 2023.

**17.      Whether a jury trial has been requested.**

Plaintiffs have requested a jury trial.

**18.      The estimated length of trial and any suggestions for shortening the trial**

Plaintiffs estimate that the trial will take 9 - 10 days. Defendants believe that the trial will take 4 – 5 days.

**19.      The prospects for settlement, including any request of the Court for assistance in settlement efforts.**

The parties are making efforts through mediation to settle this matter, which is scheduled to take place on March 29, 2023.

**20.      Any other matters**.

**Electronic Service of Discovery:** The parties agree that pursuant to Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure, any documents, including pleadings, discovery requests, discovery responses, or other papers, may be served by email. The parties agree to serve opposing counsel at their email addresses registered with Electronic Case Filing and at any other email address requested in writing by counsel of record. The parties also agree, upon request, to promptly (no later than two (2) business days after service) provide the sending party with confirmation of receipt of the service by email. If an error or delayed delivery message is received by the sending party, the sending party shall promptly (within one (1) business day of receipt of such message) notify the intended recipient of the message and serve the pleading or other paper by other authorized means. The parties agree to send

by mail or other authorized means a hardcopy, if requested, of any document served by email.

**Electronic Copies of Discovery**: The parties agree to produce all written discovery requests in their native file format (e.g., Microsoft Word or other processing program) within five (5) business days upon reasonable request by counsel of record. Electronic copies of all written discovery may be transmitted by email, secured link, cloud storage software, flash drive, or any other commonly accepted means of transmission.

**Production of Documents Identified in Disclosure Statement:** The parties agree to produce copies of all documents identified in their disclosure statements.

**Protective Order:** The parties agree that there may arise a need for discovery in this case to be governed by a protective order. If the parties agree concerning the need for and scope and form of such a protective order, their counsel will confer and then submit a jointly proposed protective order to the Court at such time. Such jointly proposed protective orders must include, in the first paragraph, a concise but sufficiently specific recitation of the particular facts in this case that would provide the Court with an adequate basis upon which to make the required finding of good cause pursuant to Federal Rule of Civil Procedure 26(c). If the parties disagree concerning the need for and/or the scope or form of a protective order, the party or parties seeking such an order shall file an appropriate motion and supporting memorandum. The parties agree that a protective order will not be necessary for documents already subject to disclosure pursuant to Arizona's Public Records Laws.

DATED this 22nd day of March, 2023.


By: */s/ Benjamin L. Rundall*
    Benjamin L. Rundall
    Jared G. Keenan
    Christine K. Wee
    3703 N. 7th St., Suite 235
    Phoenix, Arizona  85014

    AMERICAN CIVIL LIBERTIES UNION
    OF ARIZONA


By: */s/ Delilah R. Cassidy*
    Edward J. Hermes
    Delilah R. Cassidy
    One East Washington Street, Suite 2700
    Phoenix, Arizona  85004-2556

    SNELL & WILMER L.L.P.


By: */s/ Leah Watson*
    Leah Watson, *pro hac vice*
    Scout Katovich, *pro hac vice*
    125 Broad Street, 18th Floor
    New York, New York  10004

    AMERICAN CIVIL LIBERTIES UNION
    FOUNDATION

    *Attorneys for Plaintiffs*


By: */s/ Aaron D. Arnson*
    Aaron D. Arnson
    Trish Stuhan
    Stephen B. Coleman
    7730 East Greenway Road, Suite 105
    Scottsdale, Arizona  85260

    PIERCE COLEMAN PLLC

    *Attorneys for Defendants*