1   **AMERICAN CIVIL LIBERTIES UNION**          **AMERICAN CIVIL LIBERTIES UNION**
    **FOUNDATION OF ARIZONA**                   **FOUNDATION**
2   Benjamin L. Rundall, State Bar No. 031661   Leah Watson, admitted *pro hac vice*
    Jared G. Keenan, State Bar No. 027068       Scout Katovich, admitted *pro hac vice*
3   Christine K. Wee, State Bar No. 028535      125 Broad Street, 18th Floor
    3707 N. 7th St., Suite 235                  New York, NY 10004
4   Phoenix, Arizona 85014                      Telephone: (212) 549-2500
    Telephone: (602) 650-1854                   E-Mail: lwatson@aclu.org
5   E-Mail: brundall@aclu.org                           skatovich@aclu.org
            jkeenan@aclu.org
6           cwee@aclu.org

7   **SNELL & WILMER L.L.P.**
    Edward J. Hermes, State Bar No. 030529
8   Delilah R. Cassidy, State Bar No. 037407
    One East Washington Street, Suite 2700
9   Phoenix, Arizona  85004-2556
    Telephone: (602) 382-6000
10  E-Mail: ehermes@swlaw.com
            dcassidy@swlaw.com

11  *Attorneys for Plaintiffs*

12              **UNITED STATES DISTRICT COURT**

13                  **DISTRICT OF ARIZONA**

14

15  Fund for Empowerment, *et al.*,

16              Plaintiffs,                     No. CV-22-02041-PHX-GMS

17      v.                                      **PLAINTIFFS' RESPONSE TO**
                                                **DEFENDANTS' EMERGENCY**
18  City of Phoenix, *et al.*,                  **MOTION FOR CONTINUANCE**

19              Defendants.

20

21          Pursuant to the Court's Order, Plaintiffs hereby file a response to Defendant City of

22  Phoenix's Emergency Motion for Continuance ("the Motion").  The Motion should be

23  denied for the following reasons.

24          Plaintiffs reasonably fear that constitutional violations due to the lack of meaningful

25  notice will continue absent an order from this Court. City Defendants issued notice for a

26  sweep on May 24, 2023. ECF 59-2. They now contend, without corroboration, that the

27  sweep was delayed to May 31, 2023. City Defendants have produced no evidence that this

28  purported  cancellation  was  communicated  to  people  living  in  the  affected  area.

1    Furthermore, they also have not produced any notice of the May 31, 2023 sweep, which

2    should have been issued by May 17, 2023, per the Human Services Campus Enhanced

3    Cleanup Plan ("the Plan").

4           City Defendants' failure to communicate the date of upcoming sweeps runs afoul of

5    the notice requirements of the Preliminary Injunction, ECF 34, and the Constitution. To

6    comply with due process, "meaningful" has commonly been found to mean notice sufficient

7    to inform the recipient of a potential deprivation of property. *Rodriguez v. Chen*, No. CV

8    95-130-TUC-RMB, 1996 WL 159810, at *5 (D. Ariz. Feb. 7, 1996) (citing *Goldberg v.*

9    *Kelly*, 397 U.S. 254, 267 (1970)). This includes reasonably apprising the affected person of

10   the action and affording them an opportunity to respond. *Mullane v. Central Hanover Trust*

11   *Co.*, 339 U.S. 306, 314-15 (1950); *see also Pettibone Corp. v. Payne*, 151 B.R. 166, 172–

12   73 (Bankr. N.D. Ill. 1993) (adequate notice requires time "to take meaningful action in

13   response to the impending deprivation…."). Importantly, a written notice apprising

14   unsheltered persons of a clean-up during which deprivations may occur with the incorrect

15   date is "affirmatively misleading" and inadequate notice. *Kincaid v. City of Fresno*, No.

16   106CV-1445 OWW SMS, 2006 WL 3542732, at *38 (E.D. Cal. Dec. 8, 2006).

17          Plaintiffs submitted testimony and pictures showing that no property was tagged

18   during the May 10, 2023 sweep of the Zone, as required by the Plan. ECF 18. The

19   significance of notice cannot be overstated: either every person impacted by the sweep was

20   present to claim their property on May 10, 2023 or the City Defendants destroyed property

21   without tagging, in violation with the Plan. In any event, the lack of tagging underscores

22   the importance of meaningful notice for upcoming sweeps.

23          Additionally, City Defendants' representation that they would delay the May 24,

24   2023 sweep to May 31, 2023 was limited to the block of 12th Avenue between Washington

25   and Jefferson Streets, leaving the door open to continue constitutional violations in other

26   locations across the city. ECF 59-2. At a minimum, the City should halt all sweeps until this

27   Court issues an order on the constitutionality of their approach.

28          Last, City Defendants were on notice prior to the May 10 sweep that Plaintiffs would

1    likely challenge their actions if they failed to comply with the requirements of the

2    preliminary injunction. Indeed, on May 8, 2023, Plaintiffs told City Defendants they needed

3    an executed copy of the settlement agreement returned prior to May 12, 2023. Plaintiffs

4    warned that if the settlement was not returned and executed by that date, they would notify

5    the Court of the settlement's failure and seek Defendant's overdue initial disclosure

6    statement.  Instead of returning an executed agreement, City Defendants chose to carry out

7    a sweep on May 10, 2023. In other words, City Defendants manufactured this emergency

8    by carrying out an unconstitutional sweep in the middle of settlement negotiations. Coupled

9    with Plaintiffs' warnings, City Defendants should have known it was likely their actions

10   would be challenged and had plenty of time to ensure compliance with the terms of the

11   preliminary injunction or case coverage for any hearing stemming from their actions.

12          For the forgoing reasons, this court should deny Defendants' request for a

13   continuance.

14          Dated this 22th day of May, 2023.

By: */s/ Benjamin L. Rundall*
15          Benjamin L. Rundall
            Jared G. Keenan
16          Christine K. Wee
            3703 N. 7th St., Suite 235
17          Phoenix, Arizona 85014
            AMERICAN CIVIL LIBERTIES UNION
18          OF ARIZONA

19   By: *Edward J. Hermes*
            Edward J. Hermes
20          Delilah R. Cassidy
            One East Washington Street, Suite 2700
21          Phoenix, Arizona  85004-2556
            SNELL & WILMER L.L.P.
22

23   By: *Leah Watson*
            Leah Watson, *pro hac vice*
24          Scout Katovich, *pro hac vice*
            125 Broad Street, 18th Floor
25          New York, New York 10004
            AMERICAN CIVIL LIBERTIES UNION
26          FOUNDATION

27          *Attorneys for Plaintiffs*

28

1

**CERTIFICATE OF SERVICE**

2          I hereby certify that on May 22, 2023, I electronically transmitted the attached

3     document to the Clerk's Office using the CM/ECF System for filing, and for transmittal of

4     a Notice of Electronic Filing to all CM/ECF Registrants.

5                                              */s/ Benjamin L. Rundall*
                                              Benjamin L. Rundall
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -