# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fund for Empowerment, et al., | No. CV-22-02041-PHX-GMS |
| Plaintiffs, | **ORDER** |
| v. | |
| City of Phoenix, et al., | |
| Defendants. | |

Before the Court is Proposed Interveners' Motion to Intervene (Doc. 76) as a defendant in the action under Federal Rule of Civil Procedure 24(a) and (b). For the following reasons, the motion is granted, and the Court will allow Proposed Interveners to intervene permissively. Intervention as a matter of right is denied.

## BACKGROUND

Freddy Brown, Joel Coplin, Jo-Ann Coplin, Deborah Faillace, Karl Freund, Gallery 119, Michael Godbehere, Jordan Evan Greeman, Rozella Hector, Daniel Langmade, Dianne Langmade, Ian Likwarz, Matthew Lysiak, Michael Lysiak, Old Station Sub Shop, PBF Manufacturing Co. Inc., Phoenix Kitchens LLC, and Don Stockman ("Proposed Interveners") are property and business owners in an area of downtown Phoenix known as "the Zone." They are also plaintiffs in an ongoing state court case, *Brown v. City of Phoenix*, No. CV2022-010439 (Maricopa County Super. Ct. Mar. 27, 2022), which they filed on August 10, 2022. In that case, Proposed Interveners are suing the City of Phoenix

for allegedly "maintaining a public nuisance by operating, overseeing, and maintaining the homeless encampment" in the Zone. (Doc. 76 at 2.) According to Proposed Interveners, the City's alleged maintenance of the encampment has harmed their property rights, economic interests, and personal safety. Thus, they filed an application for "injunctive relief to require the City to abate the nuisance." (*Id.*)

On November 30, 2022, while the state court conducted its proceedings in *Brown*, the Fund for the Empowerment, Faith Kearns, and Frank Urban[1] ("Plaintiffs") filed a complaint in this Court against the City of Phoenix, Jeri Williams, Michael Sullivan, and various unknown parties ("Defendants"). (Doc. 1.) At the same time, they filed a Motion for Preliminary Injunction, which asked the Court to enjoin Defendants' allegedly unconstitutional enforcement of two city ordinances and the City's alleged practice of targeting unsheltered individuals and indiscriminately destroying their property. (Doc. 2.)

Five days later, on December 5, 2022, the City of Phoenix filed a motion in state court, asking that court to stay its proceedings pending the resolution of the federal lawsuit. Specifically, the City's motion evinced its concern that "[a]ny action the City takes to address the alleged nuisances in this case is necessarily dependent upon federal constitutional rights of the unsheltered being considered—and litigated—in the Federal Court Lawsuit." *Brown v. City of Phoenix*, No. CV2022-010439 (Maricopa County Super. Ct. Dec. 12, 2022). Nevertheless, the Proposed Interveners opposed that motion and claimed, among other things, that there was "no conflict" between the two lawsuits.

On December 7, 2022, Proposed Interveners' Counsel addressed a letter to this Court, wherein they reiterated their clients' position that "the relief the plaintiffs are seeking in the lawsuit before you does not conflict with the relief we are seeking in state court." (Doc. 13-1 at 1.) Counsel also stated that Proposed Interveners would seek to intervene in this lawsuit if the state court granted the City's Motion to Stay. (*Id.*) In light of this letter, Defendants requested that the Court schedule a status conference to determine whether Proposed Interveners intended to intervene and would seek an opportunity to be

---

[1] Plaintiff Ronnie Massingille did not become a party to this lawsuit until later in the proceedings.

heard at the preliminary injunction hearing. (Doc. 13 at 2.) The Court held the status conference on December 12, 2022, and, at that time, Proposed Interveners declined to intervene in this lawsuit. Nevertheless, after the Court held the preliminary injunction hearing on December 14, 2022, Proposed Interveners filed an amicus brief expressing their opposition to Plaintiffs' proposed injunction—specifically, with the parties' apparent agreement that the City could not "criminally cite any individual for violating prohibitions on public camping" without making individualized assessments about "whether the individual is 'voluntarily homeless.'" (Doc. 31 at 2.) However, the Court did not weigh this argument in its disposition of Plaintiffs' Motion for Preliminary Injunction. (Doc. 34 at 7, n.2.)

Then, on March 27, 2023, the state court issued a preliminary injunction in Proposed Interveners' favor. Specifically, it ordered the City to "abate the nuisance it presently maintains on the public property in the Zone," although it explicitly declined to "direct with specificity any of the myriad actions that would lead to compliance." Doc. 926 at 22, *Brown v. City of Phoenix*, No. CV2022-010439 (Maricopa County Super. Ct. Mar. 27, 2022). The state court also noted that "[t]he City shall be prepared to demonstrate to the Court at the July 10, 2023 Bench Trial in this matter the steps it has taken and the material results it has achieved toward compliance with this Order." *Id.*

On May 10, 2023, the City conducted a sweep of the Zone. On May 16, 2022, Plaintiffs filed a motion in this Court claiming that the sweep violated the federal injunction and asked the Court to issue an order to show cause for why Defendants should not be held in contempt of the Court's preliminary injunction. (Doc. 59.) Alternatively, they asked the Court to modify its original injunction. (*Id*.) The substance of that motion apparently motivated Proposed Interveners to file the present motion to intervene, (Doc. 76). Because, according to Proposed Interveners, if the Court grants Plaintiffs' motion, (Doc. 59), then it "will materially interfere with the City's accomplishing the tasks legally mandated by the Maricopa County Superior Court's injunction." (Doc. 76 at 3.) Thus, they seek to intervene by alleging that neither party in this action can adequately protect their interest

in enforcing the state court's injunction. Proposed Interveners seek to offer abstention and standing arguments they claim the City has neglected to raise.

## DISCUSSION

### A. Intervention as of Right

To intervene as a matter of right under Federal Rule of Civil Procedure 24(a)(2), an individual or entity must meet four requirements. Specifically, (1) their application for intervention must be timely; (2) they must have a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) they must demonstrate that an action's disposition may impair or impede their ability to protect that interest; and (4) their interest must not be adequately represented by an existing party. Fed. R. Civ. P. 24(a)(2); *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 817 (9th Cir. 2001). Failure to satisfy one of the requirements means intervention as of right should not be granted. *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009).

Proposed Interveners do not meet the requirements for intervention as of right. As it is dispositive, the Court will address only the third requirement—that Proposed Interveners must demonstrate that the disposition of this case may impair or impede their ability to protect an interest at issue in this action. In their Motion to Intervene, Proposed Interveners claim to have met this requirement because "[a] decision from this Court barring the City from taking actions necessary to abate the public nuisance in the Zone would obstruct Proposed Intervenors' defense of their rights in the state case." (Doc. 76 at 5.) However, it is unlikely—as it has always been unlikely—that any decision from this Court will inhibit the City's ability to carry out the state court's orders.

The state court's injunction requires the City to abate the public nuisance in the Zone. This Court did not bar the City from complying with this directive. If this Court bars the City from taking any action as a result of Plaintiffs' pending motion, it will only do so because the modification is required by the Constitution or the Court's existing order. And, as a general matter, there are constitutional ways to abate a public nuisance. In its March 27, 2023 Order, moreover, the state court carefully noted that the City could abate

the public nuisance in the Zone without running afoul of its constitutional obligations. Doc. 926 at 20, *Brown v. City of Phoenix*, No. CV2022-010439 (Maricopa County Super. Ct. Mar. 27, 2022). Further, the state court explicitly declined to prescribe the manner in which the City needed to abate the nuisance in the Zone. Doc. 926 at 22, *Brown v. City of Phoenix*, No. CV2022-010439 (Maricopa County Super. Ct. Mar. 27, 2022) ("The City shall devise and carry out as soon as is practicable a plan that achieves compliance with this Order. The Court recognizes that the City has discretion in how to comply with this Order and does not direct with specificity any of the myriad actions that would lead to compliance."). Thus, it is unclear what kind of "necessary action" this Court would bar the City from taking that might prevent it from complying with the state court's injunction. The City's actions perforce must comply with the Constitution under both courts' orders. Accordingly, Proposed Interveners have failed to show that they are entitled to intervene as a matter of right.

**B. Permissive Intervention**

Although Proposed Interveners are not entitled to intervene as a matter of right, "a court may grant permissive intervention where the applicant for intervention shows (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." *Northwest Forest Res. Council v. Glickman*, 82 F.3d 825, 839 (9th Cir.1996). However, "[w]here the proposed intervenor in a federal-question case brings no new claims, the jurisdictional concern drops away." *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 844 (9th Cir. 2011). There are also several relevant factors courts may consider when deciding to grant or deny permissive intervention, including the nature and extent of the intervenors' interest, the legal position they seek to advance, and "whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." *Spangler v. Pasadena City Bd. of Ed.*, 552 F.2d 1326, 1329 (9th Cir. 1977).

Because Plaintiffs' claims were never settled (despite the parties' representations to

this Court to the contrary), Proposed Intervenors' motion is sufficiently timely, even if not remarkably so. Additionally, their claims in the state court case and the claims in this action share common questions of fact. For example, both cases implicate the City's enforcement of its Camping and Sleeping Bans and its policy for handling homeless individuals' property. Further, because the case in this Court rests on federal question jurisdiction "there should be no problem of jurisdiction with regard to an intervening defendant." *Geithner*, 644 F.3d at 844. Thus, because Proposed Interveners meet these threshold requirements and may raise separate arguments that might be helpful to the ultimate disposition of this case, the Court will allow them permissively intervene.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** Proposed Interveners' Motion to Intervene (Doc. 76) is **GRANTED**.

Dated this 25th day of May, 2023.

G. Murray Snow
Chief United States District Judge