Benjamin L. Rundall (No. 031661)
Joshua M. Spears (No. 034159)
**ZWILLINGER WULKAN PLC**
2020 North Central Avenue, Suite 675
Phoenix, Arizona 85004
Tel: (602) 609-3800
Fax: (602) 609-3800
Direct: (602) 962-2969
Email:  ben.rundall@zwfirm.com
        joshua.spears@zwfirm.com

Jared G. Keenan (No. 027068)
Christine K. Wee (No. 028535)
**AMERICAN CIVIL LIBERTIES
UNION FOUNDATION OF ARIZONA**
3707 N. 7th St., Suite 235
Phoenix, Arizona 85014
Tel: (602) 650-1854
Email: jkeenan@aclu.org
       cwee@aclu.org

Leah Watson, admitted *pro hac vice*
Scout Katovich, admitted *pro hac vice*
**AMERICAN CIVIL LIBERTIES
UNION FOUNDATION**
125 Broad Street, 18th Floor
New York, NY 10004
Tel: (212) 549-2500
Email:  lwatson@aclu.org
        skatovich@aclu.org

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fund for Empowerment, et al. | Case No.: 2:22-cv-02041-GMS |
| Plaintiffs, | |
| v. | **PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO EXCEED PAGE LIMIT FOR RESPONSE TO INTERVENORS' MOTION TO DISMISS** |
| City of Phoenix, et al. | |
| Defendants. | |

## I.    INTRODUCTION

Plaintiffs' motion to exceed page limits should be granted because good cause exists to grant their motion, the additional pages needed to fully respond to Defendant Intervenors' Motion to Dismiss/Request for Abstention was minimal, and because Defendant Intervenors have not been harmed and will not suffer any prejudice as a result of Plaintiffs' request to exceed the page limits.

## II.    ARGUMENT

Good cause exists to grant Plaintiff's motion because Defendant Intervenors' Motion to Dismiss not only raised Fed. R. Civ. P. 12(b)(6) and 12(b)(1) arguments, but also bootstrapped arguments concerning three separate abstention doctrines: *Colorado River* abstention, *Pullman* abstention and the *Younger* abstention. Each of the abstention doctrines contains multiple factors for consideration, which are difficult to adequately address in a 17-page motion, let alone a motion that requires a party to also respond to dismissal arguments in connection to each of their claims.[1] *See Campion v. Credit Bureau Servs., Inc.,* 206 F.R.D. 663, 670 (E.D. Wash. 2001) (granting Plaintiffs' request for "leave to file an over-length brief replying to their class certification motion . . . because of the complex nature of the issues involved in the motion").

And while Defendant Intervenors boast of their ability to make such arguments within the page limits, Defendant Intervenors ignore that their arguments in each section were asserted largely without reference (or in direct contravention) to the vast record in this case, including the Court's preliminary injunction order and the numerous declarations and exhibits filed in support of that motion.[2] As a result, Plaintiffs were required to rebut not only unsupported legal arguments, but also misstatements about the case with the actual claims, allegations, and statements made by Plaintiffs in their Complaint and Declarations. Intervenors' motion also made bald assertions about the unsheltered community that are demonstrably false and required correction. So, Plaintiffs were unable to respond to these arguments without exceeding the page limits.

Importantly, "District Courts have broad discretion in interpreting and applying their local rules." *Andrich v. Navient Sols. Inc.*, No. CV-18-02766, 2020 WL 1515664, at

---

[1] This included Plaintiffs' analysis of the eight-factor *Colorado River* abstention test, the three prongs to the *Pullman* abstention doctrine and the four-factor test under *Younger*.

[2] Defendant Intervenors were permissively allowed to enter this case after Plaintiffs had already filed an amended complaint and prevailed on a motion for preliminary injunction (which included declarations from Plaintiffs supporting the reasons they were highly likely to prevail on the motion.)

*3 (D. Ariz. 2020) (quoting *Simmons v. Navajo County,* 609 F.3d 1011, 1017 (9th Cir. 2010)). Where good cause exists, a motion to exceed page limits should be granted absent demonstrated harm or prejudice to the other party. *See Id.* at n.7 (explaining that a party's "page limit violation poses no risk of prejudice to [the opposing party] and does not detract from judicial economy. Indeed, the Court would have granted a request for a page-limit extension from either party."). For example, while the Defendants in *Andrich* exceeded the 17-page limit in their Motion to Dismiss, the Court accepted the Motion "given the *de minimus* nature of the violation and drastic nature of striking the motion." *Id.*

Here, Plaintiffs have demonstrated good cause and Defendant Intervenors have provided no explanation of the harm or prejudice that they suffered or will suffer as a result of Plaintiffs' request to minimally exceed the page-limit. Likewise, Defendant Intervenors fail to raise any response countering Plaintiffs' position that good cause exists for the Court to grant their Motion to Exceed the Page Limit. *See Benson v. Energy Solutions, Inc.*, 2014 WL 2773781, at *2 (D. Arizona 2014) (rejecting a motion to strike where a party did not articulate how they were prejudiced by claims in a motion).

Given the myriad legal and factual issues Plaintiffs had to address in their Lodged Opposition and the fact that Defendant Intervenors will not be harmed by Plaintiffs' request, Plaintiffs have demonstrated good cause for extending the page limit. Plaintiffs will also be prejudiced if their Motion to Exceed Page Limit is denied because they will be unable to adequately respond to the claims against them. This prejudice is significant because Defendant Intervenors' motion is a dispositive one. Moreover, denial of Plaintiffs' request will only further delay resolution of this motion and Plaintiffs' ability to move forward expeditiously with prosecution of their claims.

## III.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that Plaintiffs' Motion to Exceed Page Limit for Response to Intervenors' Motion to Dismiss be granted.

RESPECTFULLY SUBMITTED this 30th day of June, 2023.

**ZWILLINGER WULKAN PLC**

By: /s/ *Benjamin L. Rundall*
   Benjamin L. Rundall
   2020 North Central Avenue, Suite 675
   Phoenix, Arizona 85004

**AMERICAN CIVIL LIBERTIES UNION OF ARIZONA**

By: /s/ *Jared G. Keenan (with permission)*
   Jared G. Keenan
   Christine K. Wee
   3703 N. 7th St., Suite 235
   Phoenix, Arizona 85014

**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**

By: /s/ *Leah Watson (with permission)*
   Leah Watson, pro hac vice
   Scout Katovich, pro hac vice
   125 Broad Street, 18th Floor
   New York, New York 10004

   *Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 30 2023, I electronically filed the foregoing with the Clerk of the Court for the U.S. District Court for the District of Arizona by using the CM/ECF System. All participants in the case who are registered CM/ECF user will be served by the CM/ECF system.

 /s/ Averyanna James