# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fund for Empowerment, et al., | No. CV-22-02041-PHX-GMS |
| Plaintiffs, | **ORDER** |
| v. | |
| City of Phoenix, et al., | |
| Defendants. | |

On October 17, 2023, an expedited Telephonic Status Conference was held on Defendants' Motion to Modify the Preliminary Injunction and Motion for Expedited Consideration and Emergency Status Conference (Doc. 109).

The Court's December 16, 2022 Order preliminarily enjoined the City of Phoenix and its agents and employees from the following:

1. Enforcing the Camping and Sleeping Bans against individuals who practically cannot obtain shelter as long as there are more unsheltered individuals in Phoenix than there are shelter beds available;

2. Seizing any property of the unsheltered without providing prior notice at the property's location that the property will be seized, unless the agent or employee has an objectively reasonable belief that it is (a) abandoned, (b) presents an immediate threat to public health or safety, or (c) is evidence of a crime or contraband; and

      3. Absent an immediate threat to public health or safety, destroying said property without maintaining it in a secure location for a period of less than 30 days.

(Doc. 34 at 19.)

Very recently, the Ninth Circuit's amended decision, *Johnson v. City of Grants Pass*, 72 F.4th 868 (9th Cir. 2023), clarified the beds-versus-population formula established in *Martin* on which the Court relied on in entering the preliminary injunction. *See Martin v. City of Boise*, 920 F.3d 584, 617 (9th Cir. 2019) ("We hold only that 'so long as there is a greater number of homeless individuals in [a jurisdiction] than the number of available beds [in shelters],' the jurisdiction cannot prosecute homeless individuals for 'involuntarily sitting, lying, and sleeping in public.'") (quoting *Jones v. City of Los Angeles*, 444 F.3d 1118, 1138 (9th Cir. 2006), *vacated*, 505 F.3d 1006 (9th Cir. 2007)) (alteration in original); *see also Johnson v. City of Grants Pass*, 50 F.4th 787, 795 (9th Cir. 2022), *superseded*, 72 F.4th 868 (9th Cir. 2023) (quoting the *Martin* formula); (Doc. 34 at 6). The Ninth Circuit's amended decision replaced the formula expressed in *Martin* with the following: "Pursuant to *Martin*, it is an Eighth Amendment violation to criminally punish involuntarily homeless persons for sleeping in public if there are no other public areas or appropriate shelters where those individuals can sleep." *Johnson v. City of Grants Pass*, 72 F.4th 868, 877 (9th Cir. 2023). In footnote 33 of the amended decision, the Ninth Circuit declined to "decide whether alternate outdoor space would be sufficient under *Martin*" because "the City ha[d] not established any realistically available place within the jurisdiction for involuntarily homeless individuals to sleep." *Johnson*, 72 F.4th at 894 n.33.

The portions of the Court's Order that enjoins the City from violating the Fourth and Fourteenth Amendments remains the same. *See* (Doc. 34 at 7–14, 19); *see also Johnson*, 72 F.4th at 881(finding "it is unnecessary to decide [the p]laintiffs' procedural due process claim").

**IT IS HEREBY ORDERED** that the Defendants' Motion to Modify Preliminary Injunction (Doc. 109) is **GRANTED** in part and **DENIED** in part. It is granted in part

with respect to the City: its agents and employees, are preliminarily enjoined from doing any of the following:

1. Enforcing the Camping and Sleeping Bans against involuntarily homeless persons for sleeping in public if there are no other public areas or appropriate shelters where those individuals can sleep;
2. Seizing any property of the unsheltered without providing prior notice at the property's location that the property will be seized, unless the agent or employee has an objectively reasonable belief that it is (a) abandoned, (b) presents an immediate threat to public health or safety, or (c) is evidence of a crime or contraband; and
3. Absent an immediate threat to public health or safety, destroying said property without maintaining it in a secure location for a period of less than 30 days.

The Motion is denied on all other grounds.

**IT IS FURTHER ORDERED** that if property is seized pursuant to a belief that it was abandoned or after the City provides notice that it intends to seize the property, the City, its agents and employees, are further required to provide a notice at the location from which the property was seized, calculated to be readily seen by any owner of the property, describing how and where to retrieve the property and the deadline for retrieving it.

**IT IS FURTHER ORDERED** finding Defendants' Motion for Expedited Consideration and Emergency Status Conference (Doc. 109) moot.

Dated this 17th day of October, 2023.

_____
G. Murray Snow
Chief United States District Judge