Justin S. Pierce (State Bar #022646)
Aaron D. Arnson (State Bar #031322)
Trish Stuhan (State Bar # 027218)
Stephen B. Coleman (State Bar #021715)
**PIERCE COLEMAN PLLC**
7730 East Greenway Road, Suite 105
Scottsdale, AZ 85260
Tel. (602) 772-5506
Justin@PierceColeman.com
Aaron@PierceColeman.com
Trish@PierceColeman.com
Steve@PierceColeman.com
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Fund for Empowerment, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> City of Phoenix, *et al.*, <br><br> Defendants. | Case No: 2:22-cv-02041-PHX-GMS <br><br> **REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS IN PART PLAINTIFFS' THIRD AMENDED COMPLAINT** |

For all their points in opposition, Plaintiffs cannot escape the conclusions that: they have still not alleged *a fine* in support of their excessive fines claim as to any named plaintiff; they have not explained what specific conduct by any defendant would show affirmative conduct or deliberate indifference to support their state-created danger claim; and they have failed to cite any case law to support their argument that the official capacity defendants shouldn't be dismissed. Having provided no legally compelling reason to the contrary, the Court should grant the City's Motion.

**I.  Plaintiffs' Eighth Amendment claim for alleged excessive fines (Count Three) should be dismissed.**

Plaintiffs purport to disavow their *Martin*-esque claim that an involuntarily

1

homeless person should be exempt from fines by virtue of their unsheltered status. *See* Doc. 166 at 5. But the argument is still essentially the same: that because Plaintiffs "have no choice" other than to violate the sit/lie/camp bans and because the harm caused by these activities is "minimal," any potential fine up to $2,500 is "grossly excessive and disproportional" to the offense. *See id.* at 4. The upshot of the argument, if accepted, is that no sit/lie/camp ban could ever be enforced against an unsheltered person if a monetary penalty might be assessed against the person, because the penalty is per se "constitutionally excessive." *See id.* at 5.

Plaintiffs offer little support for this novel argument. Just as the enforcement of generally applicable laws regulating camping, etc., on public property against unsheltered persons does not per se constitute cruel and unusual punishment under the Eighth Amendment, *City of Grants Pass v. Johnson*, No. 23-175, 144 S. Ct. 2202, 2220-23 (2024), fines imposed against unsheltered persons for violations of those laws are not per se constitutionally excessive. Rather, the analysis must be done in each instance—*i.e.*, a plaintiff must show that the fine imposed is "grossly disproportional to the gravity of the defendant's offense." *United States v. Bajakajian*, 524 U.S. 321, 336–37 (1998).

Plaintiffs incorrectly assert that the City is forcing a "heightened pleading standard" upon them by asking them for simple information about what Plaintiffs Kearns and Urban were fined; when they were fined; the offense for which they were fined. *See* Doc. 166 at 6. (As noted in the Motion, only Plaintiffs Kearns and Urban allege that they were fined. *See* Doc. 161 at 4 n.1.)  All Plaintiffs Kearns and Urban need to provide is this basic information that would satisfy Rule 8's pleading standard so that the City has fair notice of what their claims are and so that the Court can assess whether the fines that were *actually assessed* are disproportionate to the gravity of the offense. This is not information that "lies in discovery," as Plaintiffs claim, *see* Doc. 166 at 6; it is information they must provide to satisfy any reasonable construction of Rule 8's pleading standard.

2

The cases on which the response relies are unavailing. The first case, *Calvary Chapel San Jose v. Cody*, 2022 WL 827116 (N.D. Cal. Mar. 18, 2022), is a case in which the district court declined to dismiss an excessive fines claim at the 12(b)(6) stage because the plaintiffs alleged that they had actually been cited and alleged the amount of the fine. In that case, a local church and its representatives brought an excessive fines claim when the church incurred between $1 million and $2.8 million in fines for allegedly violating the State's COVID-19 emergency order. *Id.* at *4. The district court denied the motion to dismiss the claim because it could not determine, based on the complaint and a pending parallel superior court case, whether the fine was "excessive" as a matter of law and fact. *Id.* at *12-13. In other words, the refusal to dismiss the claim in *Calvary Chapel* was because the Court needed additional facts to make the determination—not because, as here, Plaintiffs wholly failed to provide basic information about what they were fined and the reason they were fined.

The second case, *Navarro v. City of Mountain View*, 2021 WL 5205598 (N.D. Cal. Nov. 9, 2021), involved unsheltered plaintiffs who challenged a newly adopted parking ordinance under an excessive fines theory, notwithstanding the fact that no one had been cited under the ordinance. *Id.* at *4, *8. The district court denied the 12(b)(6) motion, finding that the plaintiffs had adequately pled their claim. *Id.* at *4. *Navarro* appears to be an outlier case (and, significantly, a pre *Grants Pass* case), as the excessive fines claims in the cases already provided to the Court by both the City *and* by Plaintiffs all met at least the minimum pleading standard to say what they were fined and the offense for what they were charged. *See Calvary Chapel*, 2022 WL 827116 at *4; *People of City of L.A. Who Are Un-Housed v. Garcetti*, 2023 WL 8166940 at *19 (C.D. Cal. Nov. 21, 2023) (dismissing Plaintiffs' excessive fines claim with prejudice and noting dismissal of prior version of complaint because "Plaintiffs d[id] not allege that they received any fine pursuant to the ordinance"); *Stewart v. City of Carlsbad*, 2024 WL 1298075, at *3 (S.D. Cal. Mar. 26, 2024), appeal dismissed, 2024 WL 3565147 (9th Cir. May 23, 2024)

(dismissing excessive fines claim in which plaintiff alleged that she received 30 parking citations at $50 each).

Because Plaintiffs fail to adequately plead their excessive fines claim and offer little legal support for allowing the claim to continue, the claim should be dismissed.

**II.     Plaintiffs' state-created danger doctrine claim (Count Four) should be dismissed.**

Plaintiffs spill much ink on salvaging their state-created danger claim. After reading the many pages of the response, it is worth remembering what this claim actually alleges: that the City removes unsheltered people from shaded areas in "the Zone"; destroys items that provide them with protection from the sun, including tents and tarps; and threatens them with arrest or citations, all during extremely hot summer temperatures. *See* Doc. 159 at ¶¶ 119-134, 135-149, 180-187, 290-299. Thus, contrary to how Plaintiffs now try to spin their claims, any claim that the City is somehow creating a danger for Plaintiffs must rest on allegations that the City is taking actions *during the heat* and putting the unsheltered at risk as a result.

Again, Plaintiffs Massingille, Kearns, Urban, James, Carr, and Rich do not allege such conduct. There is no allegation of "affirmative conduct," such as removing these Plaintiffs from shaded areas or seizing tents during the heat, that exposed them to any heat-related danger. The remaining three individual Plaintiffs (Sissoho, Moore, and Idrissa) all allege that their tents were taken or that they were forced to move from a shaded area, but not during the heat or that they suffered injury or were likely to suffer injury because of heat. *See* Doc. 159 at ¶¶ 122-134 (Plaintiff Sisoho, alleging his tent was taken during a raid in November 2022 and again in October 2023 and stating that "it has been hard" and he is "worried" about the increasing heat); *id.* at ¶¶ 142-149 (Plaintiff Moore, alleging that in March 2024 his tent was taken and that it has been "difficult for [him] to stay out of the direct sun" and that he has felt "faint and exhausted"); *id.* at ¶¶ 192-194, 199 (Plaintiff Idrissa, alleging that in April 2024 he was twice asked to move

4

from shaded areas). This case is, therefore, unlike the cases on which Plaintiffs rely (not all of which arose in the motion to dismiss context), where each respective set of plaintiffs pled *facts* that would indicate an increased risk of significant harm under the circumstances. *See, e.g.*, *Sacramento Homeless Union v. Cnty. of Sacramento*, 617 F. Supp. 3d 1179, 1185, 1193 (E.D. Cal. 2022) (enjoining attempt to clear homeless encampment on state-created danger grounds when temperatures were estimated to be 100 to 108 degrees and where declarations of plaintiffs detailed specific instances of "heat-related mortality and morbidity, deaths, and illnesses from heat exposure."); *Boyd v. City of San Rafael*, 2023 WL 6960368, at *21 (N.D. Cal. Oct. 19, 2023), opinion clarified, 2023 WL 7283885 (N.D. Cal. Nov. 2, 2023) (enjoining enforcement of camping ban when there was "substantial evidence in the record" that new ordinance would place plaintiffs "in danger of sexual and domestic violence, victimization as to crime, death due to drug overdose, and inability to access food, water, and shelter."); *Prado v. City of Berkeley*, 2024 WL 3697037, at *28 (N.D. Cal. Aug. 6, 2024) (denying motion to dismiss when plaintiffs alleged that their property had been destroyed "both in the pouring rain and extreme heat"); *Janosko v. City of Oakland*, 2023 WL 187499, at *3 (N.D. Cal. Jan. 13, 2023) (temporarily enjoining city clearing of encampment when doing so would have likely exposed plaintiffs to "severe rainstorms, other inclement weather, and ongoing pandemic other 'tripledemic'"/viral conditions.); *Jeremiah v. Sutter Cnty.*, 2018 WL 1367541, at *5 (E.D. Cal. Mar. 16, 2018) (enjoining seizure and destruction of possessions on state-created danger grounds when doing so would have likely exposed plaintiffs to recent winter rain, wind, and cold weather conditions); *Sanchez v. City of Fresno*, 914 F. Supp. 2d 1079, 1100, 1102 (E.D. Cal. 2012) (declining to dismiss state-created danger claim for destruction of property when destruction would have occurred at "the onset of the winter months that would bring cold and freezing temperatures, rain,

and other difficult physical conditions").[1]

Given that Plaintiffs have failed to adequately allege "affirmative conduct" on the City's part—*i.e.*, that the City knowingly put Plaintiffs in an unsafe condition *during extreme heat*, which the TAC turns on—these allegations also fall far short of showing "deliberate indifference." As argued in the Motion, to demonstrate such deliberate indifference, the conditions had to be such that the injury or potential injury became a virtual certainty. *See* Doc. 161 at 6-7. Alleging that two people may have had their tents taken during the Phoenix spring or winter and that a third person was asked to move twice in April is not adequate pleading of "deliberate indifference" that would show that the City "actually intend[ed]" to expose them to an unreasonable risk of heat exposure or knew that such exposure "*is* going to happen." *See Patel v. Kent Sch. Dist.*, 648 F.3d 965, 971, 974 (9th Cir. 2011) (citations omitted). It does not show conduct that "shocks the conscience." Nor even does it indicate, as Plaintiffs put it, that the City "created the particularized risk that the plaintiff might suffer" a given injury. *See* Doc. 166 at 13. Plaintiffs may take exception to the fact that the bar for these claims is extremely high. They may also take exception to the fact that there are "few" cases—the Ninth Circuit's word, not the City's—that survive and make it to trial. But their exception does not change the fact that, as pled, they have failed to allege facts to support their heat-related theory of state-created danger, either by showing affirmative conduct or deliberate indifference. The Court should dismiss this claim with prejudice.

**III.   Plaintiffs Cite No Authority or Valid Legal Reason Why Defendants Milne and Sullivan Should Not Be Dismissed as Redundant Defendants.**

Plaintiffs concede that Defendants Milne and Sullivan "may" be dismissed but argue that Milne and Sullivan should not be dismissed as official capacity defendants because they are "key players." *See* Doc. 166 at 2, 17. Plaintiffs cite no authority for this

---

[1] The remaining case that Plaintiffs rely upon, *Mary's Kitchen v. City of Orange*, 2021 WL 6103368, (C.D. Cal. Nov. 2, 2021), involved a proposal to evict a service provider (not unsheltered people) and is plainly distinguishable.

proposition. Moreover, the cases Plaintiffs cite as examples of cases in which the government entity was allegedly "attempting to avoid liability" have nothing to do with redundantly named defendants. Rather, these cases discuss vicarious liability for torts committed by agency personnel. *See Donahoe v. Arpaio*, 2011 WL 5119008, at *6 (D. Ariz. Oct. 28, 2011); *Warren v. Penzone*, 2023 WL 7686666, at *12 (D. Ariz. Nov. 15, 2023). Because Plaintiffs offer no authority or valid basis to support their argument, the Court should dismiss Milne and Sullivan as redundant defendants as argued in the motion.

## CONCLUSION

For the reasons set forth herein, the City respectfully renews its request that the Court dismiss the TAC in part with prejudice.

RESPECTFULLY SUBMITTED this 6th day of September, 2024.

**PIERCE COLEMAN PLLC**

By /s/ Aaron D. Arnson
    Justin S. Pierce
    Aaron D. Arnson
    Trish Stuhan
    Stephen B. Coleman
    7730 E. Greenway Road, Suite 105
    Scottsdale, Arizona 85260
    *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2024, I electronically transmitted the attached document to the Clerk's Office using the ECF System for filing and caused a copy to be emailed to the following:

American Civil Liberties Union Foundation of Arizona
Jared G. Keenan
Christine K. Wee
jkeenan@acluaz.org
cwee@acluaz.org

Snell & Wilmer, LLP
Edward J. Hermes
Deliah R. Cassidy
ehermes@swlaw.com
dcassidy@swlaw.com

Zwillinger Wulkan PLC
Benjamin L. Rundall
Alexis J. Eisa
Lisa Bivens
ben.rundall@zwfirm.com
alexis.eisa@zwfirm.com
lisa.bivens@zwfirm.com

GOODWIN PROCTER LLP
Andrew Kim, admitted pro hac vice
Courtney L. Hayden, admitted pro hac vice
Collin M. Grier, admitted pro hac vice
Madeline Fuller, admitted pro hac vice
1900 N Street, N.W.
Washington, D.C. 20036
AndrewKim@goodwinlaw.com
CHayden@goodwinlaw.com
CGrier@goodwinlaw.com
MFuller@goodwinlaw.com

Attorneys for Plaintiffs

Tully Bailey LLP
Stephen W. Tully
Michael Bailey
Ilan Wurman
stully@tullybailey.com
mbailey@tullybailey.com
ilan.wurman@asu.edu
Attorneys for Intervenors

By: /s/ Mary Walker

8